**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**LARRY D. CHRISTMAS**                                                                                          **PLAINTIFF**

**VERSUS**                                                            **CIVIL ACTION NO. 1:10cv446-LG-RHW**

**NORTHROP GRUMMAN SHIPBUILDING**                                                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

Before the Court are [2] and [5], Plaintiff's motions for leave to proceed *in forma pauperis* (IFP) in this employment discrimination case. Plaintiff filed [2] his original motion on September 15, 2010, listing his average monthly income as $285 employment, $1,018.33 unemployment payments and $500 "EBT-food" for a total of $1803.33.[1]  Plaintiff states he expects $3,000 income from employment next month, and indicates he is employed with a gross monthly pay of $2,700. He states he has $40.00 in checking, $25.00 in savings, $140.00 in cash, a $3500.00 401k, and two motor vehicles valued at a total of $4250.00. Plaintiff lists monthly expenses on this form of $550 rent, $340 utilities, $420 food, $70 laundry/cleaning, $110 transportation, $10 recreation, and $40 motor vehicle insurance for a total of $1540. He claims two children and his mother as dependents. Plaintiff attaches to this first IFP motion a bank statement for the period 7/27/2010 through 8/24/2010, which reflects deposits of $392.40, and withdrawals and fees of $332.65, the largest debit being $124.86 on August 24, 2010 for "purchase T-Mobile IVR payme..." [2-1, p. 2]

Plaintiff's [5] second motion, filed October 12, 2010, lists average monthly income of the same $285 employment and $1018.33 unemployment payments, adds $58 in gifts, and

---

[1]The form bears this handwritten notation beside the $500.00 EBT-food entry: "not income." Although Plaintiff did not include the figure in his total for the monthly income column, the Court has done so.

increases the EBT - food stamps from $500 to $545, for a total of $1906.33.  Plaintiff indicates he has $12 cash, $45.27 in checking, savings accounts of $15 and $6, the same two automobiles valued at $4250 as well as a third vehicle for which he states no value, and the $3500 in a 401k plan.  He states he is unemployed, and names the same three dependents.  Plaintiff lists monthly expenses of $1582, consisting of $550 rent, $344 utilities, $8 home maintenance, $400 food, $20 clothing, $68 laundry/cleaning, $106 transportation, $10 entertainment, $40 car insurance, and $36 "PPL" or "DDL".  [5, p. 4]  Plaintiff expects income next month of $350 self-employment and $615 EBT-food stamps, for a total of $965.

## RECOMMENDATION

Based upon the information presented, the undersigned is of the opinion that Plaintiff is capable of paying the costs of filing this lawsuit, and recommends that the motions to proceed *in forma pauperis* be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party who objects to this Report and Recommendation must, within fourteen (14) days after being served a copy of the Report and Recommendation file with the Clerk of this Court his written objections to the Report and Recommendation, and must serve them upon the other parties and submit them to the assigned District Judge.  Within seven (7) days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that they do not intent to respond to the objection.   An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed

findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 14th day of October, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE